IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANASTASIA WULLSCHLEGER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 4:19-cv-235 |
| ROYAL CANIN U.S.A., INC. and NESTLÉ PURINA PETCARE COMPANY, | ) |
| Defendants. | ) |

## **NESTLÉ PURINA PETCARE COMPANY'S NOTICE OF REMOVAL**

Defendant Nestlé Purina PetCare Company ("Purina") hereby removes this action, Case No. 1916-CV03690 in the Circuit Court of Jackson County, Missouri to this Court under 28 U.S.C. § 1441(a) (removal of civil actions). Removal is proper based on the original subject-matter jurisdiction of this Court under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1332(d) (diversity of citizenship in a class action under the Class Action Fairness Act ("CAFA")). This removal comports with 28 U.S.C. § 1446 (procedure for removal of civil actions) and 28 U.S.C. § 1453 (removal of class actions).

This action is essentially a duplicate of a pre-existing putative nationwide class action filed in 2016 in the United States District Court for the Northern District of California, *Moore, et al. v. Mars Petcare US, Inc., et al.*, No. 16-CV-07001-MMC (N.D. Cal.). The *Moore* action, filed by the same counsel as this action (except for local counsel), alleged subject-matter jurisdiction based on, among other provisions, 28 U.S.C. § 1331 (federal question) and 28 U.S.C § 1332(d) (diversity of citizenship in a class action under CAFA). *Moore*, No. 16-CV-07001-MMC, Second Am. Class Action Compl. ¶ 17, ECF No. 116. The district court twice dismissed

the *Moore* action for failure to state a claim. *Id.*, ECF Nos. 106, 134. The plaintiffs in that action have appealed the dismissal to the United States Court of Appeals for the Ninth Circuit, where briefing has concluded and oral argument is being scheduled. *Moore, et al. v. Mars Petcare US, Inc., et al.*, No. 18-15026 (9th Cir.).

In light of the outcome in *Moore* in the Northern District of California, here Plaintiffs and their counsel have engaged in a strategy to construct their Complaint to circumvent federal-court jurisdiction, by renaming the claims and by selectively naming defendants. Their strategy fails because their Complaint is inherently and unavoidably subject to federal subject-matter jurisdiction, based on both federal question and diversity of citizenship in a class action under CAFA, making the action removable.

In further support of this Notice of Removal, Purina provides the following non-exhaustive summary of the grounds for removal:

## TIMELINESS OF REMOVAL

1. On February 8, 2019, Plaintiffs commenced this action by filing a putative class-action petition (hereinafter "Complaint") in the Circuit Court of Jackson County, Missouri, Case No. 1916-CV03690, against Purina and another Defendant, Royal Canin U.S.A., Inc. ("Royal Canin").

2. Plaintiffs served Purina with a summons and a copy of the Complaint on February 25, 2019. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) (requiring the filing of notice of removal within 30 days). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that service triggers the 30-day period in which to file notice of removal).

## CITIZENSHIP

3. Under 28 U.S.C. §§ 1441(b)(2) and 1453(b), Purina may remove this action without regard to its citizenship (Missouri) or the citizenship of any other Defendant.

## VENUE

4. Venue is proper in this Court because the Western District of Missouri, Western Division is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## CONSENT

5. Pursuant to 28 U.S.C. § 1446(b)(2)(A), only defendants "who have been properly joined and served must join in or consent to the removal of the action." As of the filing of this Notice, Plaintiffs have served Purina but, upon information and belief, have not served Royal Canin.

6. Additionally, under 28 U.S.C. § 1453(b), a class action "may be removed by any defendant without the consent of all defendants."

## THIS COURT HAS FEDERAL-QUESTION JURISDICTION

7. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Whether a case "arises under" federal law is to be determined based on the content in a "well-pleaded complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9-10 (1983).

8. A "longstanding . . . variety of federal 'arising under' jurisdiction" is when state-law claims "implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). The Supreme Court has recognized this category of federal-question jurisdiction "for nearly 100 years." *Id.*; *see Franchise Tax Bd.*, 463 U.S. at 9

(observing that the Court has "often held that a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law").

9. In determining whether claims arise under federal law, courts consider whether a federal issue is: (1) "necessarily raised," (2) "actually disputed," (3) "substantial," and (4) "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see Grable*, 545 U.S. at 314.

10. On the face of the Complaint, Plaintiffs' claims under the Missouri Antitrust Law, the Missouri Merchandising Practices Act ("MMPA"), and the Missouri common law of unjust enrichment implicate substantial federal questions and necessarily turn on interpretation of the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301, 321, 352, 360, and the FDA's Draft Compliance Policy Guide ("Draft CPG"), "Labeling and Marketing of Nutritional Products Intended for Use To Diagnose, Cure, Mitigate, Treat, or Prevent Diseases in Dogs and Cats." *See* Compl. ¶¶ 55-74. Indeed, the Complaint is replete with references to alleged violations of the FDCA and "federal law," and Plaintiffs' state-law claims explicitly invoke and turn on substantial questions of federal law, justifying "resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312. For example, Plaintiffs' claims rely upon supposed "[FDCA] violations by Mars/Royal Canin, Purina, and Hill's." Compl. ¶ 62. The antitrust claims set forth in the Complaint turn on federal law because Plaintiffs' antitrust claims are predicated upon the allegation that Prescription Pet Food manufacturers were selling their products in violation of federal law. *See id.* ¶¶ 73, 74, 102, 108. Plaintiffs' MMPA claims also necessarily raise federal issues because they allege that Royal Canin and Purina misled the public by fraudulently representing a prescription requirement that had "no legal basis or mandate" under the FDCA. *See id.* ¶¶ 114, 120.

4

11. Given these allegations, Plaintiffs' claims necessarily require judicial interpretation of the FDCA and require a court to determine whether Defendants violated the FDCA. *See, e.g.*, *id.* ¶ 34 ("None of the Prescription Pet Food purchased by the Plaintiffs contains a drug, and none has been submitted to the FDA for its review, analysis, or approval."); *id.* ¶ 59 ("All of the Prescription Pet Food of Mars/Royal Canin, Purina, and Hill's lacked an approved New Animal Drug Application or met other [FDCA] requirements, and therefore all of their Prescription Pet Food was 'unsafe,' 'adulterated,' and 'misbranded' in violation of the [FDCA]."); *id.* ¶ 65 ("In view of the Draft CPG and their non-compliance with the [FDCA], Mars/Royal Canin, Purina, and Hill's were confronted with the choice of whether to continue marketing their Prescription Pet Food in violation of *federal* and state law, or to eliminate the prescription requirement and otherwise comply with law." (emphasis added)); *id.* ¶ 40 (alleging that Prescription Pet Food, among other things, "has not been subjected to the FDA process for evaluating the quality of drug ingredients and manufacturing processes"; "does not contain any drug approved by the FDA"; and "does not bear the mandatory legend borne by those items required by the FDA to be sold by prescription"); *id.* ¶ 58 (alleging that if "products, including the Prescription Pet Food of Mars/Royal Canin, Purina, and Hill's, did not have an approved New Animal Drug Application or meet other [FDCA] requirements, they were 'unsafe,' 'adulterated,' 'misbranded,' illegal, and subject to enforcement actions by the FDA"); *id.* ¶¶ 41-42, 59, 63, 69, 72-74, 95, 102, 108, 114, 120, 126, 131. The meaning of the FDCA is an "essential element" of Plaintiffs' state-law claims. *Grable*, 545 U.S. at 315.

12. Beyond making disputed and substantial issues of federal law essential to their claims, Plaintiffs also affirmatively seek an injunction requiring Purina to adhere to *federal* law. *See* Compl. ¶ 138 (requesting orders and judgment "[e]stopping Defendants from denying

5

Prescription Pet Food is a 'drug' and enjoining Defendants to comply with all *federal* and Missouri provisions applicable to the manufacture of such drugs" (emphasis added)). Plaintiffs' express request for relief requiring compliance with federal law further embeds federal questions into the matter.

13. A federal forum is necessary in order to ensure uniform application of the FDCA. *See Grable*, 545 U.S. at 312. Plaintiffs' strategy to evade federal court invites state courts to reach differing interpretations of the FDCA's regulation of Prescription Pet Food. Plaintiffs should not be permitted "to disguise an essentially federal claim by artful pleading to close off [Purina's] right to a federal forum." *Thermalcraft, Inc. v. U.S. Sprint Commc'ns Co.*, 779 F. Supp. 1039, 1040 (W.D. Mo. 1991) (internal quotation marks and citation omitted).

## THIS COURT HAS JURISDICTION UNDER CAFA

14. This Court also has original subject-matter jurisdiction under 28 U.S.C. § 1332(d) because: (a) "any member of a class of plaintiffs is a citizen of a State different from any defendant"; (b) "the number of members of all proposed plaintiff classes in the aggregate is [more] than 100"; and (c) "the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B).

### There Is Minimal Diversity Under CAFA

15. The Complaint alleges that Plaintiffs Anastasia Wullschleger and Geraldine Brewer are Missouri residents. Compl. ¶¶ 9-10. These Plaintiffs seek to represent classes of Missouri citizens. *Id.* ¶¶ 90-92.

16. Plaintiffs allege that Defendant Royal Canin is, and has been at all relevant times, a company incorporated under the laws of Delaware, with its principal place of business in Missouri. *Id.* ¶ 11. Under 28 U.S.C. § 1332(c)(1), Royal Canin is a citizen of both Delaware and

6

Missouri. CAFA's requirement of minimal diversity is satisfied because members of the putative class are citizens of a state (Missouri) different from Defendant Royal Canin (Delaware). 28 U.S.C. § 1332(d)(2)(A).

17. Courts are divided on how to interpret CAFA's minimal-diversity requirement for corporate defendants with dual citizenship. *Compare Fuller v. Home Depot Servs., LLC*, No. 1:07-CV-1268-RLV, 2007 U.S. Dist. LEXIS 59770, at *7-8 (N.D. Ga. Aug. 14, 2007) (holding that "minimal diversity has been established" under § 1332(d)(2)(A) because "although Home Depot is a Citizen of Georgia, it is also a citizen of Delaware and, therefore, is diverse from at least one member of the class [containing Georgia citizens]"), *with Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953 (6th Cir. 2017) (reversing denial of motion to remand, which found that minimal diversity existed based on Mars Petcare US, Inc.'s dual citizenship in Delaware and Tennessee), *and Sundy v. Renewable Envtl. Sols., L.L.C.*, No. 07-5069, 2007 U.S. Dist. LEXIS 75762, at *10-11 n.4 (W.D. Mo. Oct. 10, 2007) ("The Court does not agree with Defendants' suggestion that minimal diversity exists unless a member of the class is a citizen of *both* Missouri *and* Delaware."); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 577 n.6 (2004) (noting that "[i]t is possible, though far from clear, that one can have opposing parties in a two-party case who are cocitizens, and yet have minimal Article III jurisdiction because of the multiple citizenship of one of the parties"). Neither the U.S. Supreme Court nor the U.S. Court of Appeals for the Eighth Circuit have resolved this issue, but the sounder view is that CAFA's requirement of minimal diversity is satisfied where there is a difference in citizenship between any member of a class of plaintiffs and any defendant, even if there is also overlapping citizenship.

7

18. Furthermore, the Complaint intentionally avoids naming as defendants certain necessary parties having diverse citizenship, despite those same parties being named as defendants in the *Moore* complaint in the Northern District of California. For example, the Complaint conspicuously refrains from naming Mars Petcare US, Inc. ("Mars") as a defendant even though Plaintiffs allege that "[s]ome combination of Royal Canin and Mars manufactures, produces, markets, advertises, distributes, and sells Prescription Pet Food sold as Royal Canin 'Veterinary Diet.'" Compl. ¶ 14. As the Complaint acknowledges, "Mars is a Delaware corporation with a principal place of business in Franklin, Tennessee." *Id.* Under Plaintiffs' theory of liability, therefore, Mars is a necessary party that must be joined in this action. *See* Fed. R. Civ. P. 19(a) (requiring joinder of necessary parties). The presence of Mars as a defendant satisfies CAFA's minimal-diversity requirements under any interpretation.

### There Are At Least One Hundred Members of the Proposed Classes

19. Plaintiffs' Complaint alleges that "the members of the Classes are likely to number at least in the thousands." Compl. ¶ 94.

### The Amount in Controversy Exceeds $5,000,000

20. Plaintiffs seek compensatory damages, treble damages, and punitive damages on behalf of "thousands" of purchasers who were overcharged, for a period of five years, as a result of Purina and Royal Canin's alleged misconduct. *Id.* ¶¶ 90-92, 94, 101-24, 140-42.

21. Based on these allegations, "a fact finder *might* legally conclude" that the class members suffered damages of more than $5,000,000, satisfying 28 U.S.C. § 1332(d)(2). *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012) (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009)).

## EXCEPTIONS TO CAFA JURISDICTION DO NOT APPLY

22. CAFA includes two exceptions to the exercise of federal jurisdiction, the local-controversy exception and the home-state exception. 28 U.S.C. § 1332(d)(4)(A), (d)(4)(B). Plaintiffs bear the burden of establishing each element of these exceptions by a preponderance of the evidence. *See Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) ("Once CAFA's initial jurisdictional requirements have been established by the party seeking removal, . . . the burden shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions applies."). Plaintiffs cannot carry their burden as to either exception.

23. The local-controversy exception precludes the exercise of subject-matter jurisdiction over a class action only if during the 3-year period preceding the filing of that class action "no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). Plaintiffs cannot carry their burden as to this exception for a number of reasons.

24. For example, on December 7, 2016, the same counsel as in this action (except for local counsel) filed a putative nationwide class action complaint in the U.S. District Court for the Northern District of California against Purina, Royal Canin, Mars, Hill's Pet Nutrition, Inc., PetSmart, Inc., Medical Management International, Inc. d/b/a Banfield Pet Hospital, and BluePearl Vet LLC, alleging violations of antitrust, consumer protection, and unjust enrichment laws based on the same supposed violations of the FDCA. *Moore*, No. 16-CV-07001-MMC.

25. The *Moore* complaint contained substantially identical allegations as the Complaint here, against Purina, Royal Canin, and other defendants, based on essentially identical legal theories, including alleged violations of the MMPA. In an apparent attempt to avoid federal court, class counsel carved up the *Moore* nationwide class into separate state classes and re-filed in state court. The Court should not allow such gamesmanship, which CAFA was designed to thwart. *See* S. Rep. No. 109-14, at 27 (2005) (providing that CAFA aimed to "make it harder for counsel to 'game the system' and keep class actions in state court" and to "create efficiencies in the judicial system by enabling overlapping and 'copycat' cases to be consolidated in a single federal court, rather than proceeding simultaneously in numerous state courts"); *Williams v. Emp'rs Mut. Cas. Co.*, 845 F.3d 891, 901 (8th Cir. 2017) ("Congress expressed concern about lawyers who 'game the procedural rules and keep nationwide or multi-state class actions in state courts whose judges have reputations for readily certifying classes and approving settlements without regard to class member interests.'" (quoting S. Rep. No. 109-14, at 4)).

26. Thus, because the plaintiffs in *Moore* (led by the same counsel as in this case) asserted the same or similar factual and legal allegations against Purina and Royal Canin on behalf of a nationwide class of purchasers, including purchasers in Missouri, the local-controversy exception does not apply.

27. Second, the home-state exception applies only where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Plaintiffs cannot carry their burden as to this exception for a number of reasons.

28. For example, the home-state exception does not apply because, once Mars is joined as a necessary party for the reasons described above, it will be a primary defendant that is

10

not a citizen of the State in which Plaintiffs filed this action. *See Green v. Skyline Highland Holdings LLC*, No. 17-CV-00534 BSM, 2017 U.S. Dist. LEXIS 198553, at *11-12 (E.D. Ark. Dec. 4, 2017) (explaining that, among others, a "primary defendant is one [that] . . . is the subject of a significant portion of the claims asserted by plaintiffs" and holding that the home-state exception did not apply in part because "[t]he complaint [did] not single out any particular defendant as more responsible for the alleged harm than any other defendant").

Pursuant to 28 U.S.C. § 1446(a), Purina attaches as Exhibit A copies of all process, pleadings, and orders filed in the Circuit Court of Jackson County. In accordance with 28 U.S.C. § 1446(d), Defendant Purina will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County and provide written notice to Plaintiffs. *See* Exhibit B.

Dated: March 26, 2019                                Respectfully submitted,

*/s/ Michael S. Hargens*
Michael S. Hargens (MO #51077)
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 283-4636
Facsimile: (816) 983-8080
E-mail: Michael.hargens@huschblackwell.com

And

Bryan A. Merryman (*pro hac vice forthcoming*)
Catherine Simonsen (*pro hac vice forthcoming*)
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
E-mail: bmerryman@whitecase.com
         csimonsen@whitecase.com

11

And

Christopher M. Curran (*pro hac vice forthcoming*)
J. Frank Hogue (*pro hac vice forthcoming*)
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
E-mail: ccurran@whitecase.com
        fhogue@whitecasel.com

*Attorneys for Defendant Nestlé Purina PetCare Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Notice of Removal was forwarded this 26th day of March 2019, by first class U.S. Mail, postage prepaid to:

James P. Frickleton
Anne M. Tarvin
BARTIMUS FRICKLETON ROBERTSON RADER, P.C.
11150 Overbrook Road, Suite 200
Leawood, KS 66211

Michael L. McGlamry
Wade H. Tomlinson
POPE MCGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326

Edward J. Coyne, III
WARD AND SMITH, P.A.
127 Racine Drive
Wilmington, NC 28403

Michael A. Kelly
Matthew D. Davis
WALKUP, MELODIA, KELLY & SCHOENBERGER
650 California Street, 26th Floor
San Francisco, CA 94108

Daniel R. Shulman
Julia Dayton Klein
GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.
80 South 8th Street, Suite 500
Minneapolis, MN 55402

ATTORNEYS FOR PLAINTIFFS

*/s/ Michael S. Hargens*
*Attorney for Defendant Nestlé Purina PetCare Company*