# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

ANASTASIA WULLSCHLEGER )
and GERALDINE BREWER, on )
behalf of themselves and all others )
similarly situated, )
  )
    Plaintiffs, )    **Case No. 4:19-cv-00235-CV-W-GAF**
  )
v. )
  )
ROYAL CANIN U.S.A., INC. )
and NESTLE PURINA PETCARE )    <u>**ORAL ARGUMENT REQUESTED**</u>
COMPANY, )
  )
    Defendants. )

## <u>PLAINTIFFS' MOTION FOR DECLINATION OF SUPPLEMENTAL JURISDICTION AND REMAND TO STATE COURT</u>

**TO: THIS HONORABLE COURT, DEFENDANTS ABOVE-NAMED, AND THEIR ATTORNEYS OF RECORD:**

Pursuant to 28 U.S.C. § 1367, Plaintiffs above-named, by and through their undersigned attorneys, on the basis of their Amended Complaint filed this day, hereby request this Court to exercise its discretion to decline supplemental jurisdiction of the claims in the Amended Complaint, and to remand this case to Missouri state court.

The grounds for this motion are as follows:

1. On February 8, 2019, Plaintiffs commenced this action in the Circuit Court for Jackson County, Missouri. The Plaintiffs' complaint alleged violations of the Missouri Antitrust Law, Mo. Rev. Stat.,§§ 416.011 *et seq*., the Missouri Merchandising Practices Act, Mo. Rev. Stat., §§ 407.010 *et seq*. ("MMPA"), and Missouri law of unjust enrichment.

2. After Defendants removed the case to this Court, the Court on June 13, 2019, granted a motion by Plaintiffs to remand the case to state court.

3.  The Eighth Circuit Court of Appeals thereafter granted Defendants' petition for appellate review under 28 U.S.C. § 1453(c)(1), limiting its examination to the issue of federal question jurisdiction.

4.  On March 13, 2020, the Eighth Circuit vacated this Court's remand order and remanded the case for further proceedings. *Wullschleger v. Royal Canin U.S.A., Inc.,* 953 F.3d 519 (8th Cir. 2020).  The Eighth Circuit's opinion found that although the Plaintiffs' MMPA claims sounded entirely in Missouri law, the Missouri Antitrust Law and unjust enrichment claims arose under federal law, because "Plaintiffs elected to premise these non-MMPA claims on violations and interpretations of federal law. The complaint included no fewer than 20 paragraphs recounting the defendants' specific and coordinated conduct that plaintiffs contend occurred during the five years preceding the filing of the complaint." *Id*., at 522.  The Eighth Circuit also noted that the prayer for relief "invokes federal jurisdiction because it seeks injunctive and declaratory relief that necessarily requires the interpretation and application of federal law." *Id*.

5.  Plaintiffs have now amended their complaint as a matter of right pursuant to Fed. R. Civ. 15(a)(1)(B).  The Amended Complaint has deleted its Missouri Antitrust Act and unjust enrichment claims.  It has added a claim for civil conspiracy under Missouri common law.  The civil conspiracy claim includes none of the references to federal law appearing in the prior Missouri Antitrust Act and unjust enrichment claims.  The Amended Complaint requests no relief under federal law.  It thus contains no claims premised on violations of federal law, does not require proof of violations of federal law or interpretation of federal law, and arises entirely under Missouri state law.

6. The only basis for the retention of this action in federal court is supplemental jurisdiction under 28 U.S.C. § 1367. Under § 1367(c), the Court has broad discretion to decline supplemental jurisdiction and to remand this case to Missouri state court. *Elmore v. Harbor Freight Tools USA, Inc.*, 844 F.3d 764, 767 (8th Cir. 2016) ("A district court has broad discretion to decline to exercise supplemental jurisdiction over state law claims after all claims over which the district court had original jurisdiction have been dismissed."); *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 743 (8th Cir. 2009) ("We review the district court's decision not to exercise supplemental jurisdiction over the remaining state-law claims for an abuse of discretion."); *Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) ("Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed, and there is no basis to find an abuse of discretion here.").

7. This is an appropriate situation for the Court's exercise of its discretion to decline supplemental jurisdiction and remand this case to Missouri state court. No proceedings have occurred in this case other than jurisdictional and removal motion practice. Other than these proceedings unrelated to the merits, this Court and the parties have done nothing further, and certainly nothing to engage in the merits of this case, substantive motion practice, or preparation for trial.

8. Plaintiffs therefore respectfully request this Court to decline supplemental jurisdiction and remand this case to its original state court in Missouri.

This motion is based on all of the files and proceedings herein. Plaintiffs submit supporting Suggestions herewith.

Dated: November 11, 2020.

**RESPECTFULLY SUBMITTED,**

3

**FRICKLETON ROBERTSON RADER, P.C.**

BY: */s /James P. Frickleton*
    James P. Frickleton    MO #31178
    11150 Overbrook Road, Suite 200
    Leawood, KS 66211-2298
    Telephone: (913) 266-2300
    Facsimile: (913) 266-2366
    Email: jimf@bflawfirm.com

    Michael L. McGlamry (*pro hac vice forthcoming*)
    Wade H. Tomlinson (*pro hac vice*)
    Michael P. Morrill (*pro hac vice*)
    POPE MCGLAMRY, P.C.
    3391 Peachtree Road NE, Suite 300
    Atlanta, GA 30326
    Telephone: (404) 523-7706
    Facsimile: (404) 524-1648
    Email: mikemorrill@pmkm.com
    triptomlinson@popemcglamry.com

    Edward J. Coyne, III (*pro hac vice forthcoming*)
    WARD AND SMITH, P.A.
    127 Racine Drive
    Wilmington, NC 28403
    Telephone: (910) 794-4800
    Facsimile: (910) 794-4877
    Email: ejcoyne@wardandsmith.com

    Michael A. Kelly (*pro hac vice forthcoming*)
    Matthew D. Davis (*pro hac vice forthcoming*)
    WALKUP, MELODIA, KELLY & SCHOENBERGER
    650 California Street, 26th Floor San Francisco, CA 94108
    Telephone: (415) 981-7210
    Facsimile: (415) 391-6965
    Email: mkelly@walkuplawoffice.com
    mdavis@walkuplawoffice.com

    Julia Dayton Klein (*pro hac vice forthcoming*)
    LATHROP GPM
    80 South 8th Street, Suite 500
    Minneapolis, MN 55402
    Telephone: (612) 632-3335
    Facsimile: (612) 632-4335
    Email: Julia.klein@lathropgpm.com

4

Daniel R. Shulman (*pro hac vice forthcoming*)
SHULMAN & BUSKE PLLC
126 North Third Street Suite 402 Minneapolis, MN 55401
Telephone: (612) 870-7410
Facsimile: (612) 870-7462
Email: dan@shulmanbuske.com

**ATTORNEYS FOR PLAINTIFFS**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing was sent via the court's electronic filing system this 11th day of November, 2020 to:

Benjamin M. Greenblum
John E. Schmidtlein
Susanna R. Allen
Williams & Connolly, LLP
725 12th Street, NW
Washington, DC 20005
bgreenblum@wc.com
jschmidtlein@wc.com
sallen@wc.om

Michael S. Hargens
Husch Blackwell LLP – KCMO
4801 Main Street, Ste. 1000
Kansas city, MO 64112
Michael.hargens@huschblackwell.com

Jason M. Hans
GM Law PC
1201 Walnut Street, 20th Floor
Kansas City, MO 64106
jasonh@gmlawpc.com
**ATTORNEYS FOR ROYAL CANIN U.S.A., Inc.**

Bryan Merryman
Catherine Simonsen
White and Case
505 South Flower Street, Ste. 2700
Los Angeles, CA 90071
bmerryman@whitecase.com
Catherine.simonsen@whitecase.com

Christopher M. Curran
J. Frank Hogue
White Case
701 Thirteenth Street NW
Washington, DC 20005
ccurran@whitecase.com
fhogue@whitecase.com
**ATTORNEYS FOR NESTLE PURINA PETCARE COMPANY**

/s/ *James P. Frickleton*

6